UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Allan Hardy,

                Plaintiff,

vs.                         REPORT AND RECOMMENDATION

Steven Wheeler, Judge,

                Defendant.        Civ. No. 07-2590 (MJD/RLE)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Plaintiff's Application for leave to proceed in forma pauperis, ("IFP"). See, Docket No. 2. The Plaintiff appears pro se and, in view of the fact that his Complaint has yet to be served, no appearance has been made by, or on behalf of, the Defendants. For reasons which follow, we recommend that the Plaintiff's IFP application be denied, and that the action be summarily dismissed.

I. Factual and Procedural Background

The Plaintiff's Complaint is a two-page handwritten document.  The caption of the Complaint states that the Plaintiff is attempting to sue "Steven, Wheeler Judge." The body of the Complaint consists of a single paragraph, which reads, in its entirety, as follows:

> 11-14-06 the issue wit[h] [?] Art Gullette went before Judge Wheeler in Ramsey County for default.  No motion under Rule 12 got put in (of civil procedure).  Judge Wheeler dismissed the case for ineffective service of process.  No motion was in; a clear procedural due process violation.

<u>Complaint</u>, <u>Docket No. 1</u>.

Following this paragraph, the Plaintiff has signed his name, and added the phrase "demand $30,000."  The Plaintiff has not provided any further explanation of the nature, or purpose, of his lawsuit.

## II. <u>Discussion</u>

An IFP application will be denied, and the action dismissed, when a plaintiff has filed a pleading that fails to state a claim on which relief may be granted, or when the plaintiff seeks relief from a party who is immune from suit.  See, <u>Title 28 U.S.C. §1915(e)(2)(B)(ii) and (iii)</u>; <u>Atkinson v. Bohn</u>, 91 F.3d 1127, 1128 (8th Cir. 1996). Here, we find that the Plaintiffs' current pleading must be dismissed pursuant to Section 1915(e)(2)(B)(ii), because it fails to state any actionable Federal claim for

relief, and in accordance with Section 1915(e)(2)(B)(iii), because it seeks monetary relief against a defendant who is immune from such relief.

While a pro se pleading is to be liberally construed, it still must allege some historical facts, which if proven true, would entitle the plaintiff to some legal recourse against the named defendants, based on some established rule of law. See, Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980)(although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law"). Giving the Complaint the benefit of indulgent construction, it appears that the Plaintiff is attempting to sue the Defendant under Title 42 U.S.C. §1983 -- the Federal law that empowers private citizens to seek relief for alleged violations of their Federal constitutional rights. In order to state a cause of action under Section 1983, as the Plaintiff attempts to do here, the Complaint must allege facts which are sufficient to show that the named defendant violated the Plaintiff's constitutional rights while acting under color of State law. See, Hart v. City of Little Rock, 432 F.3d 801, 804 (8th Cir. 2006), cert. denied, 126 S. Ct. 2902 (2006)(to state an actionable Section 1983 civil rights claim, a plaintiff must show "(1) [a] violation of a constitutional right, (2) committed by a state actor, (3) who acted with the requisite culpability and causation

to violate the constitutional right"), quoting <u>Kuha v. City of Minnetonka</u>, 365 F.3d 590, 606 (8th Cir. 2003), quoting, in turn, <u>Shrum v. Kluck</u>, 249 F.3d 773, 777 (8th Cir. 2001); see also, <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988)(to state a cause of action under Title 42 U.S.C. §1983, the plaintiff must allege facts showing that the named defendants violated his constitutional rights while acting under color of state law).

In this case, the Plaintiff's Complaint does not state a viable cause of action, because it does not adequately allege any facts that would entitle the Plaintiff to any Judgment against the Defendant under any cognizable legal principle, doctrine or theory. The Plaintiff has alleged only that the Defendant dismissed some unidentified case "for ineffective service of process." This vague assertion does not constitute a set of historical facts that could support an actionable claim against the Defendant. Likewise, the unexplained phrase "a clear procedural due process violation" does not adequately describe the putative legal basis for this action. Because the Plaintiff has not adequately described either the factual or legal grounds for this lawsuit, he has failed to state a cause of action on which any relief can be granted. Were this the only defect in the Complaint, we would afford him an opportunity to amend his Complaint so as to cure the defect. Here, however, the Complaint is also flawed by a fatal defect.

Specifically, the Plaintiff is attempting to sue a Minnesota State Court Judge for actions performed in his capacity as a Judge; namely, for allegedly dismissing some unidentified State Court case in which the Plaintiff, presumably, had some interest. The Plaintiff has not identified whether the claims brought against the Defendant are individual capacity claims, or official capacity claims. As such, we are bound to construe the Plaintiff's claims against the Defendant as official capacity claims. See, Johnson v. Outboard Marine Co., 172 F.3d 531, 535 (8th Cir. 1999)("[I]n order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sued only in his or her official capacity."), citing Artis v. Francis Howell North Band Booster Association, Inc., 161 F.3d 1178, 1182 (8th Cir. 1998); Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995).

As pertinent here, "[j]udges are absolutely immune from suit for money damages when they act in their judicial capacity, unless their actions are 'taken in the complete absence of all jurisdiction.'" Martin v. Hendren, 127 F.3d 720, 721 (8th Cir. 1997), quoting Duty v. City of Springdale, Ark., 42 F.3d 460, 462 (8th Cir. 1994); see also, Mireles v. Waco, 502 U.S. 9, 11 (1991); Stump v. Sparkman, 435 U.S. 349, 355-57 (1978); Liles v. Reagan, 804 F.2d 493, 495 (8th Cir. 1986). Accordingly, the Plaintiff's

claims for monetary damages against the Defendant -- the only claims that are alleged -- are barred by the doctrine of absolute judicial immunity.

Accordingly, finding no actionable claim, other than the Plaintiff's cause of action against a party immune from suit, the Plaintiff's Complaint fails to state any actionable claim for relief and should be dismissed, and therefore, we also recommend that the Plaintiff's IFP application be denied as moot.

NOW, THEREFORE, It is –

RECOMMENDED:

1. That the Plaintiff's Application to Proceed <u>In Forma Pauperis</u> [Docket No. 2] be denied, as moot.

2. That this action be summarily dismissed pursuant to Title 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

Dated: June 11, 2007         <u>s/Raymond L. Erickson</u>
                             Raymond L. Erickson
                             CHIEF U.S. MAGISTRATE JUDGE

## NOTICE

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2, any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than June 28, 2007**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than June 28, 2007**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. § 636 to review the transcript in order to resolve all of the objections made.